**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KATHLEEN BOGER,**

                          **Plaintiff,**

    vs.                                             **5:17-cv-289**
                                                        **(MAD/TWD)**

**NEW YORK STATE OFFICE OF PARKS,**
**RECREATION & HISTORIC PRESERVATION;**
**JOANNE D. MITCHELL; LAURA TULLY; JOE**
**MORISETTE; JANE DOE(S); and JOHN DOE(S),**

                          **Defendants.**

_____

**APPEARANCES:**                                    **OF COUNSEL:**

**BOSMAN LAW FIRM, LLC**                **AJ BOSMAN, ESQ.**
201 West Court Street
Rome, New York 13440
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**          **TIMOTHY P. MULVEY, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On or about February 21, 2017, Plaintiff commenced this action in Onondaga County Supreme Court. *See* Dkt. No. 2. In her complaint, Plaintiff alleges two causes of action against Defendant New York State Office of Parks, Recreation & Historic Preservation ("NYS Parks") for discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). *See* Dkt. No. 2 at ¶¶ 29-34. Plaintiff also alleges

two causes of action against the individually named Defendants under 42 U.S.C. § 1983 for age and gender discrimination. *See id.* at ¶¶ 35-42. Finally, Plaintiff asserts three causes of action against all Defendants under the New York State Human Rights Law and the New York State Constitution. *See id.* at ¶¶ 46-52.

On March 13, 2017, Defendants removed this case from Onondaga County Supreme Court. *See* Dkt. No. 1. As of May 31, 2017, all Defendant have answered the complaint. *See* Dkt. No. 15. ON July 18, 2017, the Court issued a uniform pretrial scheduling order and discovery has been ongoing, with the parties exchanging document demands and interrogatories. *See* Dkt. Nos. 17 & 25.

Currently before the Court is Plaintiff's December 1, 2017 motion to remand. *See* Dkt. No. 24.

## II. DISCUSSION

**A.    Motion to Remand**

A defendant may remove to federal court any civil action brought in a state court if the case could have originally been filed in federal court. *See Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309-10 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)). An action may be filed in federal court if the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a federal court has original jurisdiction over an action "arising under the Constitution, treaties or laws of the United States" pursuant to Section 1331, that action "shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b); *see also Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998).

Once a case has been removed, it must be remanded "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Shapiro*, 412 F.3d at

2

310 (quoting 28 U.S.C. § 1447(c)). Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted). Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, "[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored." *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 296-97 (E.D.N.Y. 2005) (citation omitted).

In her motion, Plaintiff argues that this case should be remanded "pursuant to 28 U.S.C. § 1447, for lack of subject matter jurisdiction." Dkt. No. 24-3 at 3. Plaintiff claims that, in its answer, Defendant NYS Parks asserted that Plaintiff's complaint is "'barred, in whole or in part, under the Eleventh Amendment' . . . thereby manufacturing a jurisdictional bar." *Id.* at 3-4. Notably absent from Plaintiff's motion is any caselaw in support of her position.

As Defendants correctly note in their response, Defendant NYS Parks does not enjoy sovereign immunity from suits alleging it discriminated against Plaintiff in violation of the prohibitions contained in Title VII or the ADEA. Further, the individually named Defendants are not entitled to sovereign immunity as government employees for claims arising against them in violation of the United States Constitution, when acting under color of state law. Therefore, the only claims or causes of action to which the State of New York may be entitled to sovereign immunity in federal court are those arising under state law or the New York State Constitution.

Plaintiff does not contest that this Court has jurisdiction over her claims under Title VII, the ADEA, or the Fourteenth Amendment. Rather, Plaintiff appears to claim that Defendant NYS Parks' affirmative defense of sovereign immunity to her state law claims acts as a total bar to this Court's jurisdiction over all of her federal claims against all Defendants. This argument, however, was directly rejected by the Supreme Court in **1998**.

In *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381 (1998), the defendants removed a case to federal court, and then claimed that certain claims brought against the State were barred by the Eleventh Amendment. The plaintiff argued that, pursuant to 28 U.S.C. § 1447(c), "if the 'district court lacks subject matter jurisdiction' over *any* claim, then *every* claim, *i.e.*, the entire 'case' must be 'remanded' to the state court." *Id.* at 391 (quoting 28 U.S.C. § 1447(c)) (emphasis in original). The Supreme Court rejected the plaintiff's interpretation of Section 1447(c), holding that "the statute refers to an instance in which a federal court 'lacks subject matter jurisdiction' over a 'case,' and not simply over one claim within a case." *Id.* at 392. It held that the proper assertion of an Eleventh Amendment bar as to certain claims once a case has been properly removed to federal court "does not destroy removal jurisdiction over the remaining claims," and noted that the purpose of Section 1447, which was to specify procedures for remand where removal is defective, did not favor the plaintiff's interpretation. *See id.*

In her reply, Plaintiff argues that the Court should reject Defendants' arguments that, even though the Court lacks subject matter jurisdiction over Plaintiff's claims under the New York State Human Rights Law, Plaintiff will not be prejudiced by the dismissal of those claims since they are identical to her claims brought under federal law. *See* Dkt. No. 29 at 3-4. Plaintiff claims that she will suffer prejudice if the case remains in federal court because of several differences between the Human Rights Law and Title VII. *See id.* at 4-5. Specifically, Plaintiff

4

argues that she will suffer prejudice because (1) the Human Rights Law has a three-year statute of limitations whereas Title VII has a 300 day limitations period; and (2) Title VII carries a $300,000.00 cap for non-pecuniary damages whereas the Human Rights Law has no such cap on the amount of pecuniary damages that can be awarded. *See id.* at 5.

While Plaintiff may prefer to litigate in state court because of these noted differences between Title VII and the Human Rights Law, none of her arguments present the Court with a valid reason to remand this action. As the Supreme Court found in *Schacht*, the State's assertion of Eleventh Amendment immunity as to several of her claims does not destroy removal jurisdiction over the remaining claims.

Finally, the Court notes that, in certain circumstances, courts have found it appropriate to decline to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c) and remand those claims to state court while retaining jurisdiction over the federal claims. *See, e.g., Nelson v. City of Rochester, N.Y.*, 492 F. Supp. 2d 282, 289-90 (W.D.N.Y. 2007) (citation omitted). In *Nelson*, the plaintiffs sued the City of Rochester alleging violations of their Fourth Amendment and Equal Protection rights, as well as claims alleging violations of the New York Criminal Procedure Law and common law. *See id.* at 285. After the action was removed from state court, the City moved to remand or, in the alternative, for the court to decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c). *See id.* at 286. The state law claims involved deciding whether New York law authorizes so-called "administrative" search warrants, *i.e.*, warrants to search for the purpose of determining compliance with property code requirements. *See id.* The plaintiffs claimed that the City had enacted a local law to permit such warrants but that, in the absence of a delegation of authority from the State, the City is not empowered to enact such a law. *See id.* Further, the plaintiffs

5

claimed that, even if administrative search warrants are permissible, they must comply with the requirements of the New York State Criminal Procedure Law and that the warrant at issue in their case did not. *See id.* The district court agreed with the plaintiffs and held that remand of the state law claims under Section 1367 was permissible and appropriate because the claims all raised novel and unsettled questions of state law more appropriately heard in the courts of New York State in the first instance. *See id.* at 288. As such, the district court retained jurisdiction over the federal claims and stayed the matter pending resolution of the state law issues. *See id.*; *see also Wisoff v. City of Schenectady, N.Y.*, No. 1:07-CV-34, 2009 WL 606139, *3-*4 (N.D.N.Y. Mar. 9, 2009).

In the present matter, the Court finds that Plaintiff has failed to present any reason why the Court should decline to exercise supplemental jurisdiction over the state law claims under Section 1367(c), nor could she. The state law claims are not novel or complex, they do not predominate over the federal claims, and no exceptional circumstances are present that would compel such a result.

Based on the foregoing, the Court denies Plaintiff's motion to remand.

**B.      Sanctions**

Attorneys have a duty under Rule 11 not to advance legal contentions that are unwarranted by existing law or that constitute a frivolous argument to change the law. *See Whiting v. Lacara*, 187 F.3d 317, 322–23 (2d Cir. 1999). This duty is violated "when it is clear under existing precedents that [the argument has] no chance of success and [there exists] no reasonable argument to extend, modify or reverse the law as it stands." *Gurary v. Winehouse*, 235 F.3d 792, 798 (2d Cir. 2000) (citation omitted); *see also Morley v. Ciba–Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995). An attorney's "good faith subjective belief" in the validity of an

6

argument is irrelevant; Rule 11, as amended in 1993, provides for "an objective standard of reasonableness." *Sussman v. Bank of Isr.*, 56 F.3d 450, 456 (2d Cir. 1995); *see also Knipe v. Skinner*, 19 F.3d 72, 75 (2d Cir. 1994).

Any reasonable inquiry by Plaintiff's counsel into the statutory and case law governing removal would have revealed that Defendants properly removed the case and that there was no ground for a remand. Plaintiff's arguments constitute "a frivolous legal position" because "under an objective standard of reasonableness, it is clear" that the arguments had "no chance of success and [that there exists] no reasonable argument to extend, modify, or reverse the law as it stands." *Morley*, 66 F.3d at 25 (citation omitted). It is telling that Plaintiff was unable to cite to a single relevant case in support of her motion to remand.

Although Plaintiff's motion is without question frivolous, the Court declines to order Plaintiff's counsel to show cause at this time why sanctions should not be imposed. Plaintiff's counsel is advised, however, that continued failure to comply with Rule 11 will result in the imposition of sanctions. *See Siegel v. Pro-Ex Secur.*, No. 02 CIV. 610, 2002 WL 1203851, *3 (S.D.N.Y. June 3, 2002) (finding sanctions warranted under Rule 11 where the plaintiff moved to remand a case to state court where the complaint alleges violations of Title VII and the New York State Human Rights Law).

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff's motion to remand is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 8, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge