UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATHLEEN BOGER,

                               **Plaintiff,**

  vs.                                                  5:17-CV-289
                                                         (MAD/TWD)

NEW YORK STATE OFFICE OF PARKS,
RECREATION & HISTORIC PRESERVATION;
JOANNE D. MITCHELL; LAURA TULLY;
JOE MORISETTE,

                                **Defendants.**
_____

APPEARANCES:                                      OF COUNSEL:

**BOSMAN LAW FIRM, LLC**                  AJ BOSMAN, ESQ.
3000 McConnellsville Road
Blossvale, New York 13308
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**           TIMOTHY P. MULVEY, AAG
**STATE ATTORNEY GENERAL**           WILLIAM E. ARNOLD, IV, AAG
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On February 21, 2017, Plaintiff brought this action in Onondaga County Supreme Court alleging that Defendants discriminated against her on the basis of age and gender when she was denied a promotion to the Park Manager 1 position at Verona Beach State Park, and the position was offered to three younger and less-qualified males. *See generally* Dkt. No. 2; Dkt. No. 63-25 at 94-96. The named defendants are the New York State Office of Parks, Recreation, and

Historical Preservation ("NYS Parks"), Joanne D. Mitchell ("Defendant Mitchell"), Laura Tully ("Defendant Tully"), and Joe Morisette ("Defendant Morisette").  *See* Dkt. No. 2.  Plaintiff asserted various claims against Defendants under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act (the "ADEA"), 42 U.S.C. § 1983 ("Section 1983"), the New York State Human Rights Law (the "NYSHRL"), and the New York State Constitution.  *See* Dkt. No. 2.  In March 2017, Defendants removed the action pursuant to 28 U.S.C. §§ 1331 and 1441.  *See* Dkt. No. 1.  The Court denied Plaintiff's motion to remand to state court.  *See* Dkt. No. 30 at 7.  Following Defendants' summary judgment motion, the Court dismissed Plaintiff's claims arising out of the New York State Constitution.[1]  *See* Dkt. No. 72.

A trial is scheduled to begin on November 19, 2019.  *See* Dkt. No. 77.  In anticipation of the trial, Defendants have moved *in limine* for an order (1) precluding the testimony of Derek Carmen, (2) limiting Plaintiff from introducing evidence about claims that did not survive summary judgment, and (3) precluding Plaintiff from offering "Me Too" evidence from Plaintiff's co-workers who claim they have been discriminated against unless the witnesses are similarly situated.  *See* Dkt. No. 78.  Plaintiff has responded seeking denial of Defendants' motion in its entirely.  *See* Dkt. No. 99.

For the following reasons, Defendants' motions to preclude testimony regarding the Glimmerglass State Park application process and to preclude "Me Too" testimony from Dorothy Nagle and Robin Hammond are granted.  The Court reserves on the other motions until trial.

---

[1] The claims remaining are: (1) Plaintiff's Title VII claim against Defendant NYS Parks; (2) Plaintiff's ADEA claim against Defendant NYS Parks; (3) Plaintiff's § 1983 claim against Defendants Mitchell, Tully, and Morisette for gender discrimination; (4) Plaintiff's § 1983 claim against Defendants Mitchell, Tully, and Morisette for age discrimination; (5) Plaintiff's NYSHRL claim against Defendant NYS Parks for gender and age discrimination; and (6) Plaintiff's NYSHRL claim against Defendants Mitchell, Tully, and Morisette for gender and age discrimination.

2

## II. DISCUSSION

A.  **Legal Standard**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-CV-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). A court considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

B.  **Motion to Preclude the Testimony of Derek Carmen**

In her proposed witness list, Plaintiff notes that she intends to call Derek Carmen ("Carmen"), a former employee of Defendant NYS Parks. *See* Dkt. No. 100 at 1-2. Plaintiff proffers that Carmen will testify to his observations of an alleged altercation between Plaintiff and a patron witnessed by Defendant Laura Tully. *See id*. Defendants have moved to preclude Carmen's testimony. *See* Dkt. No. 78 at 3. Specifically, Defendants argue that Plaintiff has violated Rule 26 of the Federal Rules of Civil Procedure by failing to provide a timely supplemental disclosure identifying Carmen as an individual with discoverable information. *See id*. at 3-4. In response, Plaintiff argues that Defendants were put on notice that Carmen was a potential witness during the deposition of Defendant Tully. *See* Dkt. No. 99 at 3.

A party is required to provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

"'Many courts in this Circuit . . . have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A).'" *Leong v. 127 Glen Head Inc.*, No. 13-CV-5528, 2016 WL 845325, *4 (E.D.N.Y. Mar. 2, 2016) (citing *Lujan v. Caban Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012) (collecting cases)). "Where . . . plaintiffs rely on the notice 'otherwise' given under Rule 26(e)(1)(A), such other notice must reasonably provide the required information that plaintiffs intended possibly to call [the individual] as a witness at trial." *Kullman v. State*, No. 07-CV-716, 2009 WL 1562840, *7 (N.D.N.Y. May 20, 2009). "Such notice is not reasonable where it requires an opposing party to guess another party's intentions." *Id*. "[T]he mention of [an individual] in deposition testimony or documents without a clear statement from plaintiffs of their intent possibly to call [the individual] as a trial witness d[oes] not afford defendants reasonable notice of plaintiff's intent." *Id*. at *8 (rejecting the plaintiffs' argument that the defendants were on notice of the plaintiff's intent to call a witness because the witness was mentioned during depositions and in document production).

Here, while Carmen's name was mentioned in a deposition of Defendant Tully, Plaintiff never indicated her intent to call Carmen as a witness at trial. *See* Dkt. No. 63-11 at 91-96.

4

Following the deposition of Defendant Tully, Plaintiff not only failed to provide notice to Defendants of her intent to call Carmen as a witness at trial, but did not provide notice that Carmen was individual with discoverable information until shortly before trial. *See* Dkt. No. 78-1. Accordingly, the Court finds that Plaintiff failed to comply with Rule 26 of the Federal Rules of Civil Procedure.

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or it is harmless." Fed. R. Civ. P. 37(c). In determining whether to exclude testimony under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a court must consider "'(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quotation omitted). "The Second Circuit has clarified that a showing of bad faith is not required before evidence may be excluded under Rule 37(c)(1), but it may be taken into account." *Taylor v. New York State Office For Developmental Disability*, No. 1:13-CV-740, 2016 WL 2858856, *4 (N.D.N.Y. May 13, 2016) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)).

With respect to the first factor, Plaintiff failed to provide any explanation for her failure to comply with the disclosure requirement. *See* Dkt. No. 78-1. As to the second factor, Defendants claim that the alleged altercation to which Carmen would testify "goes to the heart of Defendants' defense." *See* Dkt. No. 78 at 6. Additionally, Plaintiff has repeatedly attacked the veracity and accuracy of Ms. Tully's recollection and testimony regarding the incident. *See* Dkt. No. 63-5 at

5

26-31; Dkt. No. 63-11 at 33-39; Dkt. No. 70-5 at 4-5. Under the circumstances, this factor weighs against Plaintiff. It is also clear that Defendants would suffer prejudice as the witness was identified less than twenty days before trial. *See Patterson*, 440 F.3d at 118 (finding prejudice to the defendant where testimony was identified only ten days before trial and no evidence regarding the witness had been submitted in connection with summary judgment motions). Finally, a continuance of this trial due to Plaintiff's extremely late disclosure of a witness almost a year after the discovery deadline expired and only nineteen days before trial is scheduled to begin would be inappropriate. *See Williams v. Bethel Springvale Nurson Home, Inc.*, No. 14-CV-9383, 2018 WL 1662644, *6-7 (S.D.N.Y. Apr. 5, 2018) (finding a continuance inappropriate on the eve of trial where "parties have invested resources in preparing for trial, have arranged their and their witnesses' schedules, and the Court has cleared room in its calendar to accommodate the current trial dates"). Based on the foregoing, the Court finds that the *Patterson* factors weigh in favor of preclusion.

However, following a telephone conference with counsel, the Court ordered that Plaintiff produce Carmen to be deposed by Defendants by November 15, 2019. *See* Dkt. No. 101. Accordingly, the Court will reserve decision on this aspect of Defendants' motion *in limine*.

**C.     Motion to Preclude Testimony That is Beyond the Scope of Surviving Claims**

Defendants ask the Court to preclude any evidence relating to claims that did not survive summary judgment and are not pled in the Complaint. *See* Dkt. No. 78 at 9. Specifically, Defendants note that Plaintiff may attempt to introduce evidence regarding her claims that NYS Parks' employees Robert Hiltbrand ("Hiltbrand") and David Barone ("Barone") sought to retaliate against her after she made complaints of sexual harassment and gender discrimination. *See id*. Defendants, during a conference with the Court also noted that it seeks to exclude any evidence

6

related to an application process for a position at Glimmerglass State Park that Plaintiff went through in 2017, two years after the alleged discrimination. In response, Plaintiff argues that "both prior and subsequent acts may be relevant to prove discriminatory or retaliatory intent."[2] *See* Dkt. No. 99 at 9. Regarding the evidence of alleged retaliation by Hiltbrand and Barone, Plaintiff claims that this evidence is admissible for impeachment and/or rebuttal purposes to show bias against Plaintiff. *See* Dkt. No. 99 at 10-11.

### 1. Glimmerglass State Park Application Process

While evidence of subsequent conduct may be admitted to prove discriminatory motive relating to a prior employment decision, Plaintiff has failed to provide any authority which extends such consideration to conduct that occurred years after the alleged discrimination. *See Liberty Envtl. Sys. v. County of Westchester*, No. 94-CV-7431, 2000 WL 1341403, *4 (S.D.N.Y. Sept. 15, 2000). "A showing of disparate treatment – that is, a showing that the employer treated plaintiff 'less favorably than a similarly situated employee outside [her] protected group' – is a recognized method of raising an inference of discrimination for purposes of making out a *prima facie* case." *Mendell v. County of Suffolk & John Gallagher*, 316 F.3d 368, 379 (2d Cir. 2003).

Here, there is no retaliation claim and Plaintiff has not alleged that she was subject to a hostile work environment. Rather, Plaintiff must prove that she was treated differently than similarly situated individuals and that such selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations. *See Emmerling v. Town of Richmond*, 434 Fed. Appx. 10, 12 (2d Cir. 2011). In endeavoring to do so, Plaintiff is permitted to introduce

---

[2] Notably, Plaintiff sought to amend her complaint to address these exact claims. However, Plaintiff's motion to add Hiltbrand and Barone as defendants and include allegations of retaliation stemming from the Glimmerglass application process was denied. *See* Dkt. Nos. 40, 49.

7

evidence of Defendants' subsequent conduct related to the application process at issue, namely the Verona Beach application process. *See Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990) (holding that statistical evidence regarding an employer's general practice may be used to establish that the employer's purported nondiscriminatory explanation was a pretext); *MHANY Mgmt. v. County of Nassau*, 843 F. Supp. 2d 287, 213 (E.D.N.Y. 2012) (holding that discriminatory intent may be inferred from the totality of the relevant facts, including the historical background of the decision, specific sequence of events leading up to the challenged actions, contemporary statements made by members of the decision-making body, and departures from normal procedure) (citing *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 267-68 (1977)); *see also Liberty Environmental Systems, Inc.*, 2000 WL 1341403, at *3. However, the Court finds that evidence related to the Glimmerglass application process, which occurred nearly two years after the alleged discrimination, would serve only to confuse the issues and mislead the jury. *See* Fed. R. Crim. P. 403. Accordingly, Defendants' motion *in limine* is granted as to evidence related to Plaintiff's 2017 application to Glimmerglass State Park.

### 2. Allegations of Retaliation by Hiltbrand and Barone

The Federal Rules of Evidence require that evidence admitted at trial be relevant. Fed. R. Evid. 402. Relevant evidence is that which has any tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. "The court's determination of what constitutes 'relevant evidence' is guided by the nature of the [claim] and the defendant's defense theories." *United States v. Watts*, 934 F. Supp. 2d 451, 462 (E.D.N.Y. 2013). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."

8

Fed. R. Evid. 403. The Second Circuit "grants 'broad discretion' to the district court to admit or exclude evidence pursuant to Rule 403.'" *United States v. George*, 266 F.3d 52, 63 (2d Cir. 2001).

The evidence which Defendants seeks to preclude relates to alleged complaints of sexual harassment and gender discrimination made by Plaintiff to her supervisors sometime between 2010 and 2012. *See* Dkt. No. 63-3 at 143-44. Plaintiff alleges that these complaints are the reason why Hiltbrand and Barone relayed negative references – which served as a basis for Defendants' hiring decision – to the hiring committee for the Verona Beach State Park application process. *See* Dkt. No. 91 at 12. The Court notes that this is not the first time that Plaintiff has attempted to litigate these issues. Plaintiff previously moved to amend her complaint to add a claim of retaliation and violations of Plaintiff's First Amendment right to free speech by Hiltbrand and Barone for her complaints of sexual harassment and gender discrimination. *See* Dkt. No. 40. However, Plaintiff's motion was denied on multiple grounds, including that the temporal relationship between the alleged protected activity and alleged adverse action were tenuous at best. *See* Dkt. No. 49 at 9-10. Presently, Plaintiff argues that the evidence that Hiltbrand and Barone allegedly sought to retaliate against Plaintiff should be admissible as impeachment material to demonstrate bias. *See* Dkt. No. 99 at 11.

"The Supreme Court has held that impeachment for bias is admissible under Rule 402." *United States v. Figueroa*, 548 F.3d 222, 229-30. "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). However, "a trial judge does not abuse [her] discretion by curtailing cross-examination as long as the jury has 'sufficient information to make a discriminating appraisal of the particular witness's possible motives for testifying falsely.'" *United*

9

*States v. Devery*, 935 F. Supp. 393, 409 (S.D.N.Y. 1996). "Although the scope of a defendant's right to introduce evidence of bias is not limitless, and may be restricted as the trial court in its sound discretion deems proper, . . . it is rarely proper to cut off completely a probative inquiry that bears on a feasible defense." *United States v. Harvey*, 547 F.2d 720, 723 (2d Cir. 1976) (citation omitted). The court may still exclude relevant evidence if its probative value is substantially outweighed by danger of confusing the issues. *See United States v. James*, 609 F.2d 36, 47 n.11 (2d Cir. 1979).

At this point, the Court finds that it is unable to determine whether the alleged testimony will violate Rule 403 of the Federal Rules of Evidence. Given these concerns, the Court will reserve decision on this aspect of Defendants' motion *in limine*.

**D.     Testimony of Alleged Discrimination by Non-Party Co-Workers**

Defendants seek to preclude any testimony from current and/or former employees of NYS Parks regarding allegations of discrimination unrelated to Plaintiff's claims. *See* Dkt. No. 78 at 10. Defendants argue that any such testimony is only admissible if the witness is similarly situated to Plaintiff. *See id*. Defendants' motion specifically identifies two witnesses who appear on Plaintiff's amended witness list: Dorothy Nagle ("Nagle") and Robin Hammond ("Hammond"). *See* Dkt. No. 78 at 10; Dkt. No. 100 at 4. Both Nagle and Hammond are current or former employees of NYS Parks. *See id*. Defendants argue that Nagle and Hammond are not similarly situated to Plaintiff, and thus, any testimony they could provide would be prejudicial evidence of alleged discrimination with minimal probative value. *See* Dkt. No. 78 at 10.

"A plaintiff relying on disparate treatment evidence, 'must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.'" *Id*. To establish that individuals are similarly situated, "a plaintiff must show that her co-employees were

subject to the same performance evaluation and discipline standards." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000). "Whether two employees are similarly situated ordinarily presents a question of fact for the jury." *Id*. at 39. However, the question of whether evidence of discrimination experienced by non-party witnesses is admissible "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). "Applying Rule 403 [of the Federal Rules of Evidence] to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry." *Id*.

Here, as previously mentioned, the proposed witnesses at issue are Nagle and Hammond. *See* Dkt. No. 78 at 10. While Plaintiff scored an 85 on the civil service exam, both Nagle and Hammond had a lower score and were not "reachable" according to the "Rule of Three."[3] *See* Dkt. No. 63-5 at 21, 112, 239-40. Thus, to the extent that Plaintiff argues the testimony of these witnesses should be admissible to establish disparate treatment, the Court disagrees as Nagle and Hammond are not similarly situated in all material respects. *Graham*, 230 F.3d at 40. To the extent that Plaintiff argues that the Court should allow the testimony as general evidence of discriminatory practices, the Court is unpersuaded.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. The Second Circuit "grants 'broad discretion' to the district court to admit or exclude evidence pursuant to Rule 403.'" *George*, 266 F.3d at 63.

---

[3] For a detailed description of the Rule of Three, the Court directs the parties to its July 2, 2019, Memorandum-Decision and Order. Dkt. No. 72 at 5.

Because Nagle and Hammond were not similarly situated to Plaintiff, their testimony has minimal probative value. Descriptions of alleged discrimination by Defendants against Nagle and Hammond would be well outside the scope of the complaint, and would serve only to confuse the issues or mislead the jury. *See* Fed. R. Evid. 403. The Court finds that the minimal probative value of the proposed testimony is substantially outweighed by a danger of confusing the issues or misleading the jury. *See Castro v. City of New York*, No. 05-CV-593, 2010 WL 11586591, *5 (S.D.N.Y. Aug. 11, 2010) (finding that the probative value of the testimony a coworker who experienced discrimination by the defendants was outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, and undue delay). Accordingly, Defendants' motion to preclude the testimony of current and/or former employees of NYS Parks regarding allegations of discrimination unrelated to Plaintiff's claims is granted with respect to Dorothy Nagle and Robin Hammond.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 78) is **GRANTED in part and RESERVED ON in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 14, 2019
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge